**HLD-008**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1428
_____

IN RE: ROCMON L. SANDERS,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2:20-cv-01051)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 9, 2022

Before: CHAGARES, <u>Chief</u> Judge, PORTER and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 5, 2022)
_____

OPINION*
_____

**PER CURIAM**

Petitioner Rocmon Sanders seeks a writ of mandamus to compel the District Court

to rule on a petition he filed pursuant to 28 U.S.C. § 2241. By order entered on June 14,

2022, the District Court deemed his petition moot, as he is no longer in federal custody.

In light of the District Court's action, Sanders's mandamus petition no longer presents a

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

live controversy.  Therefore, we will dismiss it as moot.[1]  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")

---

[1]  Sanders's "Motion for Expedited Appeal" is also dismissed as moot.